HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY CUMMING,

        Plaintiff,

   v.

PAMELA LARUE,

        Defendant.

CASE NO. C12-5946 RBL

ORDER

THIS MATTER is before the Court on the following Motions: Plaintiff's "Special Motion for Special Protective Order" [Dkt. # 9]; Plaintiff's "Answer to Complaint (Notice of Removal)" [Dkt. #15]; and Plaintiff's November 15 "Private –Special – Confidential" filing, which has not yet been docketed.

Plaintiff Jeffrey Carl Cumming initially filed this action in state court. He is pro se. Cumming's Complaint [Dkt. #1, Ex. A]. Cumming's Complaint names only one Defendant, Pamela LaRue, a "Special Fiduciary." LaRue is the Chief Financial Officer of the Internal Revenue Service, and the case appears to arise out of an IRS tax lien levied against Cumming's

property. Cumming's Complaint [Dkt. #1, Ex. A] and subsequent filings suggest he may be part of the sovereign citizen/tax protester movement.[1]

Cumming apparently seeks to invoke the state Court's "private jurisdiction in equity" to enforce a secret trust that he apparently claims to have constructed in response to the tax lien. The manner in which he claims to have done so is far from clear, but it appears that Cumming believes he performed some powerful, unilateral act that extinguished his own debt and instead imposed various fiduciary obligations on the Defendant and other officials:

> Complainant expresses a special trust relation by acquiring a certified copy of the general legal (debt) title on June 26, 2011 and converting it to a special equitable title on June 27, 2011, as trust property (trust res) in the nature and character of a special deposit held in the private. (Privately held)
>
> On April 15, 2012, Complainant constructs and amended private special trust arrangement at Pierce County, Washington by way of intent, purpose, parties, res and delivery, thus satisfying the trust test. It is devised for the specific purpose of holding trust property as a special deposit for use of the trust. The specific intention is for the special title to function as a device for merger in extinguishment, discharging all debts and obligations.

Complaint, Paragraphs II and II (footnotes omitted). *See also* Defendant's characterization of Plaintiff's claims in its Motion to Dismiss [Dkt. #12] at 2: "[I]t appears that Plaintiff claims he is the "Beneficiary" of a trust he created by virtue of assigning the debt associated with his federal tax lien—what Plaintiff calls "negotiable debt instruments"—that should be enforced against the United States. In other words, it appears that Plaintiff's efforts are aimed at discharging the federal tax lien filed against him."

---

[1] Plaintiff's filings are adorned with thumb prints, and use a writing style which is common (only) in that movement. His most recent filing, for example, includes the following: "I Grantor/Settlor Jeffrey Carl of the Family Cumming Descendants, Californian, Lord over my land, Master of my Private Estate, issue from the government of my private affairs - in confidence with strict reliance upon recipient described below, . . . ."

The government has moved to dismiss Cumming's claims as unsupportable, though that Motion is not yet ripe. In the meantime, Plaintiff has raised three issues, all of which appear to stem from his mistaken belief that this court does not have jurisdiction over his "private equity" claims, and/or that his filings related to such claims should be sealed and kept "private."

As an initial matter, the Court will construe Plaintiff's "Answer" to Notice of Removal" as a Motion to Remand. Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998), and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

The Defendant removed the case under 28 U.S.C. §1442(a), correctly pointing out that LaRue is an officer of the United States, sued in her official or individual capacity for an act under the color of such office. Though it is difficult to ascertain the actual claim asserted, it is clear that Cumming claims that LaRue did or failed to do something in connection with his efforts to avoid the tax lien levied against him.

Cumming's Answer [Motion] is based on the erroneous assertion that this Court does not have equity jurisdiction: "In trust, Grantor determines the law of the trust and the law of the case. By filing in state court, Grantor made the decision to enter equity jurisdiction." He claims that "The exclusive inherent jurisdiction of equity is superior to any claim for federal

jurisdiction.  Equity is available in Superior Court of Washington through State Constitution, State Rules of Court and Revised Code of Washington." [Dkt. #15 at Paras. 5 &7].

  Plaintiff's assertion is legally and factually incorrect.  His Answer, construed as a Motion to Remand, [Dkt. #15] is DENIED.

  Plaintiff Cumming also seeks to have his filings in this case filed under seal, because he has invoked the Court's equity jurisdiction and he seemingly views that as the equivalent of "private" jurisdiction.  He cites Fed. R. Civ. P. 26(c)(1)(G) as support for "invoking the privilege against exposing a confidentiality which, if divulged, would compromise public interest" and also claims that some unidentified "state secret is privileged."  He alludes to some document that might harm the public but the document or its import is not disclosed.

  Local Rule 5(g)(4) provides the exclusive procedure for sealing court records, and outlines what the proponent must show in order to overcome the strong presumption in favor of public access:

> (4) A motion or stipulation to seal shall provide a specific description of particular documents or categories of documents a party seeks to protect and a clear statement of the facts justifying sealing and overcoming the strong presumption in favor of public access. The facts supporting any motion or stipulation to seal must be provided by declaration or affidavit.

  Plaintiff Cumming has not met and cannot meet this standard with respect to his "Special Motion for Special Protective Order" or with respect to his November 15 filing, which has not been docketed.  His cryptic references to state secrets and secret documents do not suffice for the factual predicate necessary to overcome the presumption in favor of public access. The Motion [Dkt. #9] is therefore DENIED.

  Cumming's November 15 letter filing (similarly marked "Private Special Confidential for Chief Clerk Only") is some sort of Notice to the Clerk of the Court "in private restrictive

capacity." It purports to require the Clerk to "correct" some mistake as to the nature of the case filed by Plaintiff:

> The enclosed copy of a private special trust arrangement correct the mistake by changing the nature and character of the deposit to "special" and expressing it as a "special private trust relation," making the case designated as a "special matter." The original segregated Special Res Trust, defined as Case No. 3:12-cv-05946-RBL, and the commercial instruments created off of it, is now ordered returned to Beneficiary.

The document purports to "allot" the Clerk three (3) business days to perform the various acts "ordered" by Cummings.

The words and phrases contained in the document have no legal or logical meaning or effect. The Court does not recognize or respond to "orders" signed by litigants in cases before it. There will be no additional response from the Court (or its Clerk) to this filing. The Plaintiff may withdraw the filing within five (5) business days; if he does not, it will be docketed. If and to the extent the filing can be construed as containing a Motion to Seal, that Motion is DENIED.

The pending Motion to Dismiss [Dkt. #12] will be addressed in a separate Order. The Plaintiff is strongly cautioned that the Motion will be GRANTED unless his Response provides some coherent articulation of his claims and their legitimate legal support, addressing the legal and factual points made in the Motion.

IT IS SO ORDERED.

Dated this 27th day of November, 2012.

*Ronald B. Leighton* (signature)

Ronald B. Leighton
United States District Judge