HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY CUMMING,<br><br>                    Plaintiff,<br><br>     v.<br><br>PAMELA LARUE,<br><br>                    Defendant. | No. 12-cv-5946-RBL<br><br>ORDER<br><br>(Dkt. #12, 24) |

Plaintiff has filed suit against Ms. Pamela LaRue, the Chief Financial Officer of the Internal Revenue Service, for reasons that are difficult to discern. As an initial matter, the Court will construe the Complaint as against the United States rather than Ms. LaRue in her personal capacity because she is clearly sued for official actions. *See Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) ("The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.") (citations omitted).

The United States requests dismissal on multiple grounds, all of which appear correct. However, due to the clearly frivolous nature of the Complaint, the Court need address only the lack of legal claims to arrive at the same destination.

## I.   BACKGROUND

Plaintiff's grievances appear rooted in an IRS tax lien. (*See* Compl., Dkt. #2 at 22) ("Defendant is conditionally ordered to release any/all lien(s) without notice and ring out, terminating security trading at the order date."). The Complaint, however, is entirely incomprehensible legalese. It is filled with officious-sounding statements (e.g., "Breach of trust,

which is contrary to equity and good conscience, inflicts gross iniquity on Grantor in Fact . . .") and confusing pronouncements (e.g., "All general deposits are claimed, withdrawn, and made special by redeposit in private."). (Compl., Dkt. 2 at 18.)

Defendant asserts that Plaintiff believes he has "converted the federal tax lien into 'a special equitable title . . . as trust property (trust res) in the nature and character of a special deposit held in Private." (Def.'s Mot. to Dismiss at 2, Dkt. #12 (quoting Compl. at 2)). Thus, Plaintiff apparently feels he has worked some sort of legal jujitsu, transforming a tax lien into a trust held for his benefit.

Plaintiff's response to the Government's Motion to Dismiss is baffling. He writes, "This case is private and special in nature and character according to Grantor's intent." (Pl.'s Resp. ¶ 1, Dkt. #14.) This apparently refers to the Court's equitable powers. Plaintiff seems to believe that he can invoke some mystical "province of equity jurisprudence," as he puts it, that will compel the Court to grant the relief he seeks. (*Id.*)

Plaintiff has also filed a Motion for Oral Argument. Plaintiff states that he "recently discovered a response to the U.S. motion for dismissal," although he is holding that response in suspense. (Pl.'s Mot. for Oral Argument at 2, Dkt. #24.)

Plaintiff has also sent an ex-parte letter to the Clerk of Court, specifically demanding that it "not appear in public." (Pl.'s Letter, Dkt. #26.) The letter is gibberish:

> Mr. McCool,
>
> The case opened under your public capacity and authority is construed or misconstrued as a general deposit debtor/creditor relation. That presumption is herein rebutted and corrected.
>
> . . . .
>
> [Y]ou are alloted three (3) business days following the signed for date to disclaim co-trusteeship of the private expressed trust or nine (9) business days to specifically perform trust instructions and orders on behalf of Beneficiary. If you need more time, your written request will be considered at my discretion.

(*Id.*) The Court fails to understand any part of this letter.

Lastly, Plaintiff has filed a response to the Court's order, requesting a comprehensible statement of his claims. (*See* Order, Dkt. #23.) Plaintiff appears to believe that this Court has some sort of all-powerful "equity side" that will enforce whatever kind of "trust" he believes he has

created.  (*See* Pl.'s Resp. at 2, Dkt. #27.)  Again, however, the document is an unintelligible attempt at legal reasoning.  Plaintiff waxes profoundly about "two-title theory" (*id.* at 3) and "equity conversion" (*id.* at 7), and contends that the "United States is a fiction corporation . . . ." (*Id.* at 5.)  For example, Plaintiff states, "Plaintiff has seen neither a record nor an equitable claim that, the Defendant is not a private individual operating in the trust with restrictive capacity and believes none exists."  The Court fails to grasp this statement or the many others like it.

## II.  DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly* ).

Even read with extreme liberality, the Complaint lacks any sort of legal or factual basis.  Neither the Government nor the Court is able to discern much from it, other than the fact that it is frivolous.  Plaintiff cannot transmute his IRS tax lien into a "special trust" through any sort of quasi-legal paper shuffling, filing of UCC statements, or by intoning grand, legal-sounding principles—no matter what the internet conspiracy-theorists say.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. #12) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

Dated this 6th day of December 2012.

Ronald B. Leighton
United States District Judge